**YUE CHI DONG, Petitioner,**

v.

**IMMIGRATION NATURALIZATION SERVICES, Respondent.**

**No. 07–0450–ag.**

United States Court of Appeals, Second Circuit.

May 1, 2008.

Pro se, Bayside, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Linda S. Wernery, Assistant Director, Scott Rempell, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL and Hon. ROBERT D. SACK, Circuit Judges.

50

Petitioner Yue Chi Dong, a native and citizen of the People's Republic of China, seeks review of the January 10, 2007 order of the BIA affirming the September 8, 2005 decision of Immigration Judge ("IJ") Vivienne Gordon–Uruakpa, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yue Chi Dong,* No. A95 687 528 (B.I.A. Jan 10, 2007), *aff'g* No. A95 687 528 (Immig. Ct. N.Y. City Sept. 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

It is well established that the submissions of *pro se* litigants must be construed liberally and interpreted to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir.2006). When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *See Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

▪ As a preliminary matter, because Dong failed to challenge the IJ's denial of her CAT claim before either the BIA or this Court, we deem that claim abandoned. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007).

▪ As to Dong's asylum and withholding of removal claims, substantial evidence supports the agency's adverse credibility determination. The multiple specific examples of discrepancies between Dong's testimony and the record—e.g., her failure to mention before the day of her merits hearing that she had been forced to have an abortion without anesthesia in May 1997, as well as her inconsistent testimony about when she began attending her gynecological examinations—provided sufficient bases on which the agency could conclude that she was not credible. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir. 2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc); *see also Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 111–12 (2d Cir.2005) (finding that the agency's adverse credibility determination was supported by the applicant's failure to mention his alleged sterilization without an anesthetic in any of his three asylum applications). Although Dong offered explanations for the discrepancies identified by the agency, no reasonable fact-finder would have been compelled to accept them. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005). Moreover, it was proper for the agency to rely on the absence of corroboration, such as a written statement from her parents-in-law. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006). Indeed, the absence of such evidence rendered Dong unable to rehabilitate her testimony, which had already been called into question. *See id.* Based on these findings, no error argued by Dong would induce us to disturb the agency's adverse credibility determination, as it can be confidently predicted that the agency would reach the same conclusion on remand. *See id.* at 338.

Finally, as the only evidence of a threat to Dong's life or freedom depended upon her credibility, the adverse credibility determination as to her asylum claim necessarily precluded success on her claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).